Philip KLEIN, Plaintiff,

v.

The LIONEL CORPORATION, a New York corporation, Rosenbaum's Inc., a Delaware corporation, John Wanamaker Wilmington, Incorporated, a Delaware corporation, Sears, Roebuck and Co., a New York corporation, and Strawbridge & Clothier, a Pennsylvania corporation, Defendants.

Civ. A. 1671.

United States District Court
D. Delaware.

July 12, 1955.

See also 18 F.R.D. 184.

John Van Brunt, Jr., and David Snellenburg, II (of Killoran & Van Brunt), Wilmington, Del., for plaintiff.

Thomas Cooch and Thomas S. Lodge (of Connolly, Cooch & Bove), Wilmington, Del., for defendant, The Lionel Corp.

Clement C. Wood (of Young & Wood), Wilmington, Del., for defendant, Rosenbaum's Inc.

Henry M. Canby and James T. McKinstry (of Richards, Layton & Finger), Wilmington, Del., and Harry E. Sprogell and Joseph Ewing (of Saul, Ewing, Remick & Saul), Philadelphia, Pa., for defendant, John Wanamaker Wilmington, Incorporated.

Richard F. Corroon (of Berl, Potter & Anderson), Wilmington, Del., and Lederer, Livingston, Kahn & Adsit, Chicago, Ill., for defendant, Sears, Roebuck and Co.

Edwin D. Steel, Jr., and William S. Megonigal, Jr. (of Morris, Steel, Nichols & Arsht), Wilmington, Del., and Thomas B. K. Ringe, Miles W. Kirkpatrick and Frank L. Luce (of Morgan, Lewis & Bockius), Philadelphia, Pa., for defendant, Strawbridge & Clothier.

RODNEY, District Judge.

This memorandum treats of interrogatory No. 4 which is objected to by Sears, Wanamaker and Strawbridge & Clothier. This interrogatory was as follows:

"4. What was the dollar volume of Sears, Roebuck and Co.'s purchases for resale from each source referred to in the answer to Interrogatory No. 3 during each year of the period referred to in Interrogatory No. 2?"

Motions for summary judgment have been filed by each of the defendants as above named, and these motions have been fixed for argument on a stipulated date. It is objected (1) that the answer to the interrogatory would entail a great deal of expense and trouble, and (2) would entail the disclosure of valuable trade secrets. It is insisted that the answer to the interrogatory would have no bearing upon the motions for summary judgment.

There is no shown connection between the information to be derived from the answer to the interrogatory and the questions to be determined on the motions for summary judgment. No reason is shown to put the defendants to a present expenditure of time and effort which will have no effect upon motions now pending or for required alleged secret material or information, when such disclosure may not be necessary.

It is not herein held that the plaintiff is not entitled to the information sought at a time when such information may be material or of value.

It is held that the answer to interrogatory No. 4 shall be postponed until 15 days after determination of the motions for summary judgment and after a refusal of such judgment, if had.

Sears has objected to all of the interrogatories on grounds largely similar to those as above considered in connection with interrogatory No. 4, i. e., that answers at this time will require substantial trouble and expense, uncalled for because the information has no possible bearing on the motions pending for summary judgment, and in accord with the reasons above stated, the answers to the interrogatories shall be postponed, likewise, until 15 days after determination of the motions for summary judgment, if the motions are refused.